UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LIBORIO HERNANDEZ, INDIVIDUALLY
AND AS GUARDIAN OF JH AND LH,
MINOR CHILDREN,

    *Plaintiff*,

v.                                                Case No. SA-21-CV-1036-JKP-HJB

STATE INDUSTRIES, LLC, et al.,

    *Defendants*.

## ORDER OF DISMISSAL

Before the Court is a *Motion for Summary Judgment* (ECF No. 30) and *Plaintiff's Unopposed Motion to Dismiss with Prejudice* (ECF No. 31). Two defendants filed the motion for summary judgment and the Court **DEEMS** that motion **MOOT** in light of the motion to dismiss. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff seeks dismissal of this entire action with prejudice.

Rule 41(a)(2) provides discretionary authority for courts to dismiss an action "at the plaintiff's request by court order, on terms that the court considers proper." Here, without explanation, Plaintiff merely seeks dismissal with prejudice with all costs and fees to be taxed against the party incurring same. Defendants do not oppose such dismissal. However, other factors come into play because Plaintiff brings this action individually and as guardian for two minors.

While a general guardian "may sue . . . on behalf of a minor," *see* Fed. R. Civ. P. 17(c)(1), the Court reviews settlements involving minors and appoints a guardian ad litem for minor litigants "when it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent," *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. Unit A Sept. 1981). Although Fed. R. Civ. P. 17(c)(2) requires courts to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who

is unrepresented in an action," that requirement is limited when the minor has a legal representative, *see Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 988 (5th Cir. 1984). Nevertheless, when there are potential conflicts of interest between a guardian and a minor or other legally incompetent person, district courts have inherent power "to appoint a guardian ad litem or next friend, or to make any other order necessary to protect" the minor's interest in the litigation. *See id*. at 987. And courts err when they dismiss a "case with prejudice, without first determining whether [the minor's] interests are adequately protected." *Id*.

Dismissing this case with prejudice in its entirety is not proper without determining whether such dismissal adequately protects the interests of the two minors. But the Court sees no impropriety in dismissing the case with prejudice as to Liborio Hernandez while dismissing the case without prejudice as to the two minor children. Such dismissal provides the parties the relief they seek while protecting the interests of the children should they later decide to bring their own action within any applicable statute of limitations after they reach adulthood.

For these reasons, the Court **GRANTS** *Plaintiff's Unopposed Motion to Dismiss with Prejudice* (ECF No. 31) but the dismissal is only with prejudice as to Plaintiff Liborio Hernandez. The dismissal is without prejudice as to the two minor children. All costs and fees are taxed against the party incurring them. Based on this ruling, the Court **MOOTS** the *Motion for Summary Judgment* (ECF No. 30). If any party disagrees with the dismissal without prejudice, such party may file an appropriate motion to assert any concern, and if warranted, seek the appointment of a guardian ad litem. If no party files such a motion within thirty days, the Court will consider this matter completely resolved. **The Clerk of Court shall close this case.**

IT is so ORDERED this 28th day of February 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE